STANNARD SUPPLY COMPANY *et al. v.* DELMAR COAL COMPANY *et al.*

(No. 7915)

Submitted April 24, 1934. Decided May 22, 1934.

*Wm. T. George,* for appellant.

*Charles B. Johnson* and *Wm. G. Johnson,* for appellees.

LITZ, JUDGE:

This appeal involves the reasonableness of an allowance to a special receiver.

In the above styled consolidated causes, instituted by creditors of Delmar Coal Company, an insolvent corporation, to administer its assets, Carl L. Hornor and Edgar S. Phillips were appointed special receivers and Charles B. Johnson, W. Bruce Talbott and Frank Amos attorneys for them. In a decree of August 7, 1930, directing sale of the assets, the trial chancellor, without evidence as to the reasonableness thereof, decreed compensation to the special receivers and their counsel. The allowances, upon an appeal to this court by Pittsvein Coal Company, a lien creditor of Delmar Coal Company, and Waddell Fuel Company, assignee of Pittsvein Coal Company, were set aside and the causes remanded "for the purpose of ascertaining reasonable compensation (for the special receivers and counsel) upon notice and hearing". When the cases went back, the special receivers and attorneys adduced evidence to prove that the original allowances had been consented to by counsel for Pittsvein Coal Company and that the same were reasonable; whereupon, another decree was entered, reducing the fees, as originally determined, to all of the parties except Hornor; his compensation being fixed in both decrees at $6,000.00. From the last decree, Phillips and all of the attorneys appealed. Hornor and Waddell Fuel Company were served as appellees. Waddell Fuel Company cross-assigned error to the fees allowed Hornor, Johnson, Talbott and Amos. The decree was affirm-

ed. Thereafter, Waddell Fuel Company obtained this appeal from that part of the decree fixing compensation to Hornor, who now moves its dismissal on the ground that the matter involved was settled by the former judgment of this court, affirming the decree, and further contends that his allowance is reasonable. In affirming the decree, upon the appeal of Johnson, Phillips, Talbott and Amos, we held: "The allowance of counsel fees to attorneys representing receivers is largely for the determination of the receivership court, and will not be changed or modified on appeal except for abuse of a sound discretion. 2 Smith on Receivers (2nd Ed.), 1733; 53 C. J. 378; Clark on Receivers, (2nd Ed.), sec. 642 (a). The same rule applies to compensation for receivers."

Without considering the motion to dismiss or detailing the evidence upon which the trial court acted, we are of opinion that the rule, applied to the facts, requires a reaffirmance of the decree.

*Affirmed.*